UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3201 ST CHARLES AVENUE CONDOMINIUM HOMEOWNERS ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 23-2314 |
| LEXINGTON INSURANCE COMPANY | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court are a *Motion to Compel Appraisal and Stay Litigation* **(Rec. Doc. 22)**, filed by Plaintiff 3201 St. Charles Avenue Condominium Homeowners Association, Inc., and an opposition (Rec. Doc. 24), filed by Defendant Lexington Insurance Company, to which Plaintiff has belatedly replied (Rec. Doc. 26)[1]. Having considered the motion, the legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This suit arises out of damage from Hurricane Ida to Plaintiff's property, which was insured by Defendant. By September 2021, Plaintiff contends Defendant had satisfactory proof of loss, but the insurer has tendered only $33,612.53 to Plaintiff. A year later, in October 2022, Plaintiff invoked the policy's appraisal provision. Plaintiff alleges Defendant refused to participate in the procedure as outlined in the policy.

---

[1] Without requesting leave of court, Plaintiff filed its reply on April 29, 2025 at 10:16 a.m. Its reply, however, was due by 4:00 p.m. the previous day. *See* LR 7.5 ("The party that filed the motion may file and serve a reply brief in support of the motion no later than 4:00 p.m., two working days before the noticed submission date."). The Court considers the reply in the interest of justice, but cautions counsel for Plaintiff from flouting procedural rules in the future.

1

This litigation followed, with Plaintiff raising actions of claims of insurance contract bad faith dealings, and negligent claims adjusting.

After unsuccessful resolution through the Streamlined Settlement Program of the Eastern District of Louisiana's Hurricane Ida Case Management Order, this case returned to this Court's docket. Plaintiff now moves to compel appraisal of its insurance claim and, further, to stay the litigation during the appraisal process. Defendant opposes.

## **LEGAL STANDARD**

Louisiana law controls breach of insurance contract actions involving property located and policies issued in the state. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). Under Louisiana law, appraisal provisions are enforceable. *St. Charles Par. Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (collecting cases). Courts interpret an appraisal provision—like an insurance contract itself—through "the common intent of the parties[,]" which is obvious where "the words of a contract are clear and explicit and lead to no absurd consequences[.]" La. Civ. Code arts. 2045–46.

Here, parties agreed that either could invoke appraisal and provided a framework for the process:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party

will:
      a. Pay its chosen appraiser; and
      b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim. (Rec. Doc. 22-4 at 46).

Where policy exclusions are in contest, appraisers are permitted to make causation determinations under Louisiana law. *St. Charles Par. Hosp. Serv. Dist. No. 1*, 681 F. Supp. 2d at 757 (citing *Fourchon Docks, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 86-2267, 1988 WL 32938, at *2 (E.D. La. Apr. 6, 1988)); *Jarrell v. S. Fid. Ins. Co.*, No. 11-1222, 2011 WL 13213613, at *1 (E.D. La. Aug. 25, 2011). As Judge Vance explained, such a coverage finding streamlines the litigation by determining an amount of loss, but could still be challenged by the insurer if the appraisal clause permits further claim denial. *St. Charles Par. Hosp. Serv. Dist. No. 1*, 681 F. Supp. 2d at 757.

Even where appraisal clauses are unambiguous, courts in this district consistently have held they must be invoked within a reasonable time. *See, e.g., Newman v. Lexington Ins. Co.*, No. 06-4668, 2007 WL 1063578, at *4 (E.D. La. Apr. 4, 2007) (Africk, J.); *Triple K, Inc. v. Century Sur. Co.*, No. 10-1236, 2010 WL 3418237, at *2 (E.D. La. Aug. 23, 2010) (Duval, J.); *Beasley v. GeoVera Specialty Ins. Co.*, No. 13-395, 2013 WL 3187289, at *2 (E.D. La. June 20, 2013) (Fallon, J.); *Marquette v. So. Fidelity Ins. Co.*, No. 14-2311, 2015 WL 13529953, at *3 (E.D. La. May 19, 2015) (Zainey, J.). For this reasonable invocation calculation, "courts generally find a period of 4 months or more [between awareness of a dispute and the initial request for

appraisal] to be an unreasonable delay absent some exception, while a period of two months or less is reasonable." *Marquette*, 2015 WL 13529953, at *5 (collecting cases). Where a case arises out of Hurricane Ida damage and falls under the Eastern District of Louisiana's Case Management Order, an appraisal provision remains valid and invocable. *4601 Marrero Ctr., LLC v. Arch Specialty Ins. Co.*, No. 23-1421, 2023 WL 4865342, at *2 (E.D. La. July 31, 2023) (Vance, J.) (citing *McMillen v. Safepoint Ins. Co.*, No. 22-1744, 2023 WL 143327, at *4 (E.D. La. Jan. 10, 2023) (Brown, CJ.)).

## DISCUSSION

In this case, parties agreed to a permissive appraisal clause, permitting either side to invoke appraisal over a difference in damage valuation. In its October 11, 2022 letter to Defendant, Plaintiff unquestionably invoked the policy: "Please be advised that your insured is hereby invoking the appraisal provision of the policy due to their disagreement with Lexington's determination of the amount of this loss." (Rec. Doc. 22-5 at 1). Over a month later, Defendant responded, but limited the scope of the appraisal:

> Lexington agrees to submit to appraisal only the amount of loss caused by: (1) wind during Hurricane Ida which created openings to the exterior of 3201 St. Charles Avenue (the "Building"); (2) damage to the utility/pool building caused by wind; (3) damage to Site 1/Building 2 Carport caused by wind; and (4) damage to Site 1 / Building 4 Carport caused by wind.

(Rec. Doc. 22-6 at 1–2). Defendant contends this letter proves its agreement to the process, with Plaintiff's subsequent inaction serving as a waiver of the initial request. Any limitation, Defendant argues, was in keeping with its rights under the policy, as it "would not agree to a determination of its valid coverage defenses on appraisal."

4

(Rec. Doc. 24 at 2). Defendant's conclusion is incorrect, both from the caselaw and the appraisal provision itself.

As previously referenced, Louisiana appraisal provisions permit causation determinations. *See St. Charles Par. Hosp. Serv. Dist. No. 1*, 681 F. Supp. 2d at 757. Logically, an appraiser's calculus of the amount of loss should include a finding of how the damage arose—be it from a covered or excluded event. With those findings provided, Defendant can more ably dispute aspects of the claim.

And, here, Defendant had the right to dispute aspects of the claim after the appraisal: "If there is an appraisal, we will still retain our right to deny the claim." (Rec. Doc. 22-4 at 46). Thus, the policy itself gives Defendant a post-appraisal recourse. This policy language, moreover, anticipates an appraisal *first*, and a denial *second*. Absent in parties' agreed-upon appraisal provision is any preemptive insurer exclusions. Defendants miss the mark on the law and the contract.

Nonetheless, Plaintiff's inaction places its current request well beyond any reasonable time for appraisal. Although Plaintiff correctly characterizes Defendant's attempts to impermissibly limit appraisal, Plaintiff requests this Court's intervention only now—two and one-half years after its initial appraisal request and nearly two years after filing suit. Plaintiff cannot invoke appraisal, go quiet on its request for significant periods of time in the face of Defendant's attempt to limit appraisal scope, and then reraise the provision by seeking an order of the Court after years of pending litigation. Such litigation practices do not achieve the appraisal goal of streamlining the claim. Nor do the various alternative resolution methods employed by parties

5

since the initial appraisal invocation evidence Plaintiff's maintaining its appraisal rights. Again, in this district, "courts generally find a period of 4 months or more [between awareness of a dispute and the initial request for appraisal] to be an unreasonable delay absent some exception, while a period of two months or less is reasonable." *Marquette*, 2015 WL 13529953, at *5. As Plaintiff's current request is far beyond reasonable time limits, this Court cannot compel appraisal of this matter.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Compel Appraisal and Stay Litigation* **(Rec. Doc. 22)** is **DENIED**.

New Orleans, Louisiana, this 30th day of April, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE